CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

June 16, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **THOMAS FLOYD LANDIS,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 7:25-cv-00652** |
| | ) | |
| **ALLEGHANY COUNTY REGIONAL** | ) | |
| **JAIL STAFF, et al.,** | ) | **By: Robert S. Ballou** |
| **Defendants.** | ) | **United States District Judge** |

**MEMORANDUM OPINION**

Plaintiff Thomas Floyd Landis, a Virginia inmate proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging an unconstitutional search and excessive force during his arrest, and then subsequent denial of medical attention during his incarceration. Dkt. 1. Having reviewed this action pursuant to 28 U.S.C. § 1915A, I will dismiss the Complaint for failure to state a claim upon which relief may be granted.

"Section 1983 imposes liability on state actors who cause the 'deprivation of any rights, privileges, or immunities secured by the Constitution.'" *Doe v. Rosa*, 795 F.3d 429, 436 (4th Cir. 2015). However, the court must dismiss any action filed by a prisoner against a state defendant if the claims are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007).

## I.    Factual Background

Landis filed his Complaint in September 2025, while he was in inmate at the Alleghany County Regional Jail, alleging constitutional violations arising both from his arrest and the search of his home in November 2024 and from subsequent denial of medical treatment in the

jail. Compl., Dkt. 1. When police arrived at Landis's house in November 2024, the officers began searching his home "before any search warrant got on scene" and without reading Landis his Miranda rights. *Id.* Then, during his arrest, Landis alleges the officers were "really rough" with him, including injuring his right hand, shifting a plate in his head such that he "need[s] reconstructive surgery again," and refusing to let him fix his prosthetic leg which got "busted open [and] infected." *Id.* Upon arrival at the Alleghany County Regional Jail, Landis asked to go to the hospital, and during his incarceration, asked "numerous staff members" to see a doctor or nurse because of issues with his leg, but did not receive any medical attention for a month and a half. *Id.*

Landis also alleges he could not file grievance forms because, though he asked numerous times for a grievance form, he was not provided with any forms. *Id.* Landis submitted with his Complaint several handwritten notes, dated in June and August 2025, signed by multiple "witnesses" indicating that he requested medical care and needs to see a doctor, but is being ignored. Dkt. 1-2, at 10; Dkt. 1-2 at 11. However, Landis also attached to his Complaint documents suggesting that he had received medical treatment during this time period, including treatment by two specialists outside of the jail. Landis included a letter dated January 1, 2025, indicating that the jail doctor ordered X-rays. Dkt. 1-2 at 13. A treatment note from Virginia Prosthetics and Orthotics, dated June 9, 2025, shows Landis was seen for "evaluation for repair / replacement for his right transfemoral prosthesis" and a letter from a doctor at Carilion Clinic, Plastic and Reconstructive Surgery dated June 20, 2025, indicates that Landis will have surgery and the office will call with the first available surgical date. Dkt. 1-2 at 42; Dkt. 1-2, at 45.

Landis lists as defendants Alleghany County Regional Jail Medical Staff (Nurses and Doctors), and Officers Mullins, Dudding, Brown, Laprade, Shull, Clark, and Benoit. Landis

makes specific allegations against only three defendants, indicating that Officer Clark, during the November 2024 arrest, "made [Landis's] mother use the bathroom in front of him until a search warrant got on scene" and that, during his incarceration, Landis asked Officers Mullins and Dudding "several times" about getting the bolts tightened on his prosthetic leg, but they responded it was on "back order." Dkt. 1; Dkt. 1-2, at 8.  As relief, Landis asks for unspecified "monetary damages." Dkt. 1.

## II.      Law and Analysis

Landis's first claim alleges that defendants violated his constitutional rights by searching his house prior to obtaining a search warrant and failing to read him his Miranda rights. Because this amounts to a challenge to the legality of his conviction, Landis cannot bring this claim under § 1983.[1] The Supreme Court case *Heck v. Humphrey* prohibits the use of § 1983 to challenge the validity of a prior conviction or sentence to obtain release from custody or monetary damages. 512 U.S. 477, 486-87 (1994) (holding that § 1983 claims impugning the legality of a criminal conviction are not cognizable unless the conviction has been reversed, expunged, declared invalid, "or called into question by a federal court's issuance of a writ of habeas corpus").

Landis's second claim, that officers used excessive force against him during his arrest, is examined under the Fourth Amendment's "objective reasonableness standard." *Graham v. Connor*, 490 U.S. 386, 388 (1989) (where "the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment"). Courts must pay "careful attention to the facts and

---

[1] Landis attached to his Complaint a letter from an attorney stating that Landis had entered into a Plea Agreement related to a charge of possession of a firearm by a violent felon, which may be the conviction for which he is currently incarcerated. Dkt. 1-2, at 14. In his Complaint, Landis indicates he is a "convicted and sentenced state prisoner." Dkt. 1.

circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. In addition to the three *Graham* factors, the Fourth Circuit also considers the "extent of the plaintiff's injuries." *Nazario v. Gutierrez*, 103 F.4th 213, 234 (4th Cir. 2024). "The operative question in excessive force cases is 'whether the totality of the circumstances justifie[s] a particular sort of search or seizure.'" *Cnty. of Los Angeles, Calif. v. Mendez*, 581 U.S. 420, 427–28 (2017) *quoting Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985). Landis alleges that officers were "really rough" causing injuries to his hand, head, and leg, but Landis includes no allegations relating to the severity of the crime at issue, whether he posed a threat, and whether he was actively resisting or attempting to evade arrest. *See Graham*, 490 U.S. at 396.

Further, Landis alleges no acts of excessive force by any of the specific defendants, instead referring generally to the police or the officers. Landis references only one officer by name, Officer Clark, but does not allege that Clark used excessive force against him. Section 1983 liability is personal and requires facts showing each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in violating plaintiff's rights) (quotation omitted); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Finally, Landis alleges that the jail staff failed to provide him with adequate medical care for his injured leg, which I will analyze as a claim of deliberate indifference to a serious medical need. The allegations in the Complaint fail to provide sufficient factual detail to state a claim for

relief. Landis has not alleged personal involvement of any of the defendants –he did not name any of the defendant medical staff, referring instead to "nurses and doctors" generally. *See e.g. Neville v. Ballad Health Sys., Inc.*, No. 7:22-CV-00242, 2022 WL 2681286, at *5 (W.D. Va. July 12, 2022) (noting that the collective term "staff" or "agency" is not a person amenable to suit under § 1983).  Instead, Landis asserts that unidentified staff members refused his requests to be timely seen by medical staff. Landis mentions only Officers Mullins and Dudding specifically but does not sufficiently allege any unconstitutional actions against them – stating that when he asked them about getting the bolts tightened on his prosthetic leg, they responded it was on "back order." Dkt. 1; Dkt. 1-2, at 8.

Beyond failing to allege unconstitutional actions by specific defendants, Landis has also failed to establish the second element of a claim for deliberate indifference to a serious medical need. To state a claim for deliberate indifference to a serious medical need, a plaintiff must establish two elements. The first is that he had an objectively serious medical need. *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). An objectively "serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.*[2] (citation omitted). The second element, which involves the defendant's awareness of the serious medical need, is either subjective or objective depending on whether the plaintiff was a convicted prisoner or pretrial detainee at the time of the violation. *Short v. Hartman*, 87 F.4th 593, 605, 611 (4th Cir. 2023) (noting that the "objective test we adopt today" for pretrial detainees differs from an Eighth Amendment claim for convicted prisoners "in one respect only" that "the plaintiff no longer has to show the defendant had actual

---

[2] For the purposes of this opinion, I will assume that Landis has alleged a serious medical need.

knowledge of the detainee's serious medical condition and consciously disregarded the risk"). It is not clear whether Landis was a pretrial detainee or a convicted prisoner during the applicable timeframe, but under either standard he has not sufficiently alleged any defendant was deliberately indifferent to a serious medical need.

The Fourteenth Amendment objective standard[3] applying to deliberate indifference claims brought by pretrial detainees requires showing that the "defendant acted or failed to act 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)) (under this standard it is sufficient to show that the defendant's action or inaction was "objectively unreasonable.").

On the other hand, the Eighth Amendment standard applies to deliberate indifference claims brought by convicted prisoners, requiring plaintiffs to show the defendant "had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the [defendant's] action or inaction." *Jackson v. Lightley*, 775 F.3d 170, 178 (4th Cir. 2014) (citing *Farmer*, 511 U.S. at 837–39); *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021) (quoting *Farmer*, 511 U.S. at 834) (the Eighth Amendment standard requires showing that the defendant acted with a "sufficiently culpable state of mind").

Under either standard, Landis has failed to state a claim for deliberate indifference. While Landis complains about a delay in medical treatment, he has also submitted documents showing he saw multiple doctors. Landis attached documents to his Complaint referencing medical treatment he received in 2025, including an X-ray ordered in January 2025 and treatment notes

---

[3] *Brown v. Harris*, 240 F.3d 383, 388 (4th Cir. 2001) (noting that "the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, mandates the provision of medical care to [pretrial] *detainees* who require it") (cleaned up) (quotation omitted).

from outside doctors in June 2025. That Landis would have liked treatment more quickly, without more, is not sufficient to state a claim for deliberate indifference. "Mere delay" in medical treatment, without more, is not deliberate inference to a serious medical need. *Moskos v. Hardee*, 24 F. 4th 289, 298 (4th Cir. 2022); *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985) (finding inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and the medical personnel does not rise to the level of a constitutional violation).

### III.   Conclusion

Accordingly, this action will be dismissed without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. An appropriate order accompanies this memorandum opinion.

Entered:  June 16, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge